**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Scott Ford

    v.                                                    Civil No. 10-cv-444-SM

Jeffrey Bettez et al.[1]


**O R D E R**


Before the Court is Scott Ford's complaint (doc. no. 1),
filed pursuant to 42 U.S.C. § 1983, alleging violations of his
rights under federal and state law.  Ford is a prisoner
represented by counsel who has paid his filing fee.  Under 28
U.S.C. § 1915A, this Court must, in all civil actions "in which
a prisoner seeks redress from a governmental entity or officer
of employee of a governmental entity," review the complaint to
identify cognizable claims or recommend dismissal of any claim
in the complaint that either fails to state a claim upon which
relief might be granted or seeks monetary relief from a
defendant immune from such relief.  28 U.S.C. § 1915A(a) & (b).
Section 1915A requires the Court to conduct such a screening in
this matter.

---

[1]In addition to Jeffrey Bettez, a New Hampshire Department of
Corrections ("DOC") Corrections Officer ("CO"), Ford has named
the DOC and the following individual DOC employees as defendants
to this action: CO Luca Susca, CO Brandon Walsh, CO Stephen
Isabelle, CO John O'Brien, CO Randy Inman, CO William Duffy, CO
Smith (First Name Unknown), and a John Doe defendant.

The complaint succinctly sets out the claims for relief, and facts sufficient to support a cause of action for each of the claims asserted.  Accordingly, I find that the claims, as identified by plaintiff in the complaint, are cognizable. Because the complaint has been filed by counsel, and is clear in its recitation of both factual allegations and claims for relief, there is no reason to restate the facts alleged therein. As the complaint has already been served on the defendants,[2] no further court action is required at this time.

      **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:      November 16, 2010

cc:      Michael J. Sheehan, Esq.
             Nancy J. Smith, Esq.
             Rebecca L. Woodard, Esq.

---

[2]Defendants have filed an Assented-To Motion to Enlarge Time to Respond for All Served Defendants until November 30, 2010 (doc. no. 5), which was granted on Oct. 26, 2010.  I note that no return of service appears in the docket for defendant Smith John or for John Doe.  Nothing in this Order changes plaintiff's obligation to effect proper service on each defendant against whom he wishes to proceed.