UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Scott A. Ford,                                            \*
      Plaintiff                                  \*
                                                        \*
      v.                                            \*      Dkt. No. 10-CV-444-SM
Jeffrey Bettez, Individually, Luca Susca,       \*
individually, Brandon Walsh, individually,     \*
Stephen Isabelle, individually, John O'Brien,  \*
individually, Randy Inman, individually,       \*
William Duffy, individually, FNU Smith,        \*
individually, John Doe, individually,          \*
and State of New Hampshire                      \*
Department of Corrections,                      \*
      Defendants                                \*
                                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ANSWER FOR RANDY INMAN</u>

Defendant, Randy Inman (hereinafter "Inman" or "Defendant") by and through counsel, the Office of the Attorney General, submits this answer to the complaint filed by plaintiff in this matter.

The first unnumbered paragraph is introductory, legal conclusions and argument that requires no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

1. The allegations of ¶ 1 are jurisdictional and require no response. However, it is admitted that Ford was a New Hampshire sentenced inmate at the New Hampshire State Prison who is now housed in Maine.

2. The allegations of ¶ 2 are jurisdictional or legal conclusions and argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations, except that

it is admitted that Bettez is an officer employed by the New Hampshire Department of

Corrections (hereinafter "Department") during the relevant time period.

3.    The allegations of ¶ 3 are jurisdictional or legal conclusions and argument that require no

response.  To the extent that facts are alleged, the Defendant is without sufficient personal

knowledge to admit or deny the allegations and based thereon, denies the allegations, except that

it is admitted that Isabelle is an officer employed by the Department during the relevant time

period.

4.    The allegations of ¶ 4 are jurisdictional or legal conclusions and argument that require no

response.  To the extent that facts are alleged, the Defendant is without sufficient personal

knowledge to admit or deny the allegations and based thereon, denies the allegations, except that

it is admitted that O'Brien is an officer employed by the Department during the relevant time

period.

5.    The allegations of ¶ 5 are jurisdictional or legal conclusions and argument that require no

response.  To the extent that facts are alleged, the Defendant is without sufficient personal

knowledge to admit or deny the allegations and based thereon, denies the allegations, except that

it is admitted that Susca is an officer employed by the Department during the relevant time

period.

6.    The allegations of ¶ 6 are jurisdictional or legal conclusions and argument that require no

response.  To the extent that facts are alleged, the Defendant is without sufficient personal

knowledge to admit or deny the allegations and based thereon, denies the allegations, except that

it is admitted that Walsh is an officer employed by the Department during the relevant time

period.

7.   The allegations of ¶ 7 are jurisdictional or legal conclusions and argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

8.   The allegations of ¶ 8 are jurisdictional or legal conclusions and argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations, except that it is admitted that Inman is an officer employed by the Department during the relevant time period.

9.   The allegations of ¶ 9 are jurisdictional or legal conclusions and argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations, except that it is admitted that Duffy is an officer employed by the Department during the relevant time period.

10. The allegations of ¶ 10 are jurisdictional or legal conclusions and argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

11. The allegations of ¶ 11 are jurisdictional or legal conclusions and argument that require no response.  To the extent that facts are alleged, the Defendant admits that the Department is a state agency.

12. The allegations of ¶ 12 are jurisdictional or legal conclusions and argument that require no response.

13. The allegations of ¶ 13 are jurisdictional or legal conclusions and argument that require no response.

14. The allegations of ¶ 14 are admitted.

15. In regard to the allegations of ¶ 15, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

16. In regard to the allegations of ¶ 16, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

17. In regard to the allegations of ¶ 17, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

18. In regard to the allegations of ¶ 18, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

19. In regard to the allegations of ¶ 19, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

20. In regard to the allegations of ¶ 20, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

21. In regard to the allegations of ¶ 21, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

22. The allegations of ¶ 22 are admitted.

23. In regard to the allegations of ¶ 23, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations, except that it is admitted that Ford was held in SHU for protective custody reasons.

24. The allegations of ¶ 24 are admitted, to the extent that Ford was eligible to be a worker in SHU.  The remainder of the allegations are denied as C-5 inmates are employed as tier workers.

25. The allegations of ¶ 25 are admitted.

26. In regard to the allegations of ¶ 26, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

27. In regard to the allegations of ¶ 27, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

28. On information and belief the allegations of ¶ 28 are admitted to the extent that Ford was a rotunda worker. To the extent that the remaining allegations incorporate unspecific other allegations they are denied.

29.  The allegations of ¶ 29 are admitted to the extent that most rotunda workers were housed on N-tier, a 4-cell block with a common area during this time period, however there were other inmate workers, such as tier workers that were not housed in this area.

30. The allegations of ¶ 30 are admitted in that most SHU inmates could be locked in their cells for up to 23 hours per day.  However, by way of further answer, there are other activities for which they may also be out of their cells, in addition to those identified by Plaintiff that

could result in a C-5 inmate being out of their cell for up to a total of 5 hours during a particular day. The last sentence is admitted.

31. The allegations of ¶ 31 are admitted to the extent that rotunda workers were selected by the Unit Manager and Lieutenant, with input from staff.  It is denied that they were selected by SHU staff in general, although tier workers would be selected by the security staff.   It is admitted that staff could request an inmate worker to perform tasks within their job description. All inmates, whether workers or not, must obey staff directions regardless of the unit in which they are housed.

32. The allegations of ¶ 32 are legal conclusions or argument that require no response.  The second sentence is admitted to the extent that staff could fire a rotunda worker or tier worker. The third sentence is denied.   To the extent that the remaining sentences allege facts, Inman is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

33. The allegations of ¶ 33 are legal conclusions or argument that require no response.  To the extent that facts are alleged, Inman is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

34. In regard to the allegations of ¶ 34, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations, except to the extent that he may have been aware that some inmate workers had been fired.  Therefore the Defendant denies these allegations.

35. In regard to the allegations of ¶ 35, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

36. In regard to the allegations of ¶36, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

37. In regard to the allegations of ¶ 37, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

38. In regard to the allegations of ¶ 38, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

39. In regard to the allegations of ¶ 39, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

40. In regard to the allegations of ¶ 40, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

41.  In regard to the allegations of ¶ 41, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

42. In regard to the allegations of ¶ 42, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

43. In regard to the allegations of ¶ 43, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

44. In regard to the allegations of ¶ 44, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

45.  In regard to the allegations of ¶ 45, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

46. In regard to the allegations of ¶ 46, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

47. In regard to the allegations of ¶ 47, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

48. In regard to the allegations of ¶ 48, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

49. In regard to the allegations of ¶ 49, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

50. In regard to the allegations of ¶ 50, the Defendant is without personal knowledge or information sufficient to for

51. In regard to the allegations of ¶ 51, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

52. In regard to the allegations of ¶ 52, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

53. In regard to the allegations of ¶ 53, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

54. In regard to the allegations of ¶ 54, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

55. In regard to the allegations of ¶ 55, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

56. In regard to the allegations of ¶ 56, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

57. In regard to the allegations of ¶ 57, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

58.  In regard to the allegations of ¶ 58, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

59. In regard to the allegations of ¶ 59, Inman has no recollection of these events and therefore the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

60. In regard to the allegations of ¶ 60, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

61. In regard to the allegations of ¶ 61, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

62. In regard to the allegations of ¶ 62, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations. Therefore the Defendant denies these allegations.

63. In regard to the allegations of ¶ 63, it would have been within Ford's job to clean such waste, however as to the frequency, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

64. On information and belief the allegations of ¶ 64 are denied.

65. On information and belief the allegations of ¶ 65 are denied.

66. In regard to the allegations of ¶ 66, it is denied that the Department has rules regarding this subject.  By way of further answer the Department has general policies, however it is denied that Ford was not able to follow them.

67. In regard to the allegations of ¶ 67, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

68. In regard to the allegations of ¶ 68, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

69. In regard to the allegations of ¶ 69, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

70. It is admitted that Ford was moved out of state on or about January 20, 2010.  In regard to the remaining allegations of ¶ 70, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

71. In regard to the allegations of ¶ 71, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

72. In regard to the allegations of ¶ 72, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

73. The allegations of ¶ 73 are legal conclusions or argument that require no response. To the extent facts are alleged they are denied.

74. In regard to the allegations of ¶ 74 the Defendant is without personal knowledge or information as to the plaintiff's allegations, however on information and belief denies these allegations.

75. In regard to the allegations of ¶ 75, the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.  By way of further answer, on information and belief Unit Manager Thyng and his lieutenant, who had started before Ford arrived in SHU, may have been more involved in hiring rotunda workers than prior management teams, however hiring tier workers and firing all workers remained the same.

76. In regard to the allegations of ¶ 76 the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

77. In regard to the allegations of ¶ 77 the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

78. In regard to the allegations of ¶ 78 the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

79. It is admitted that it is prison policy that inmates be allowed to work if a job is available and that if they do, they receive a specified wage for that job. To the extent the allegations of ¶ 79 are different, they are denied.

80. In regard to the allegations of ¶ 80, it is admitted that it is the intent of the Department's policies to maximize the number of jobs available to inmates, however to the extent there are any additional facts alleged the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

81. The allegations of ¶ 81 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

82. The allegations of ¶ 82 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

83. On information and belief the allegations of ¶ 83 are denied.  By way of further answer, the number of inmate workers in SHU has varied over the years as well as what they can do. Generally during the time period in question, although there may only have been 3 rotunda workers, there were approximately 9 tier workers.

84. On information and belief it is admitted that Ford asked to be an inmate worker. In regard to the remaining allegations of ¶ 84 the Defendant is without personal knowledge or information sufficient to form a belief as to the plaintiff's allegations.  Therefore the Defendant denies these allegations.

85. The allegations of ¶ 85 are denied.  By way of further answer, the number of inmate workers in SHU has always varied.

86. The allegations of ¶ 86 are denied.  By way of further answer, although Ford may have been asked to perform tasks for a few hours on each shift, or volunteered, he was never required

to work around the clock, and rarely ever was asked to perform duties on third shift.  Although it is admitted that the list of tasks in A-H are duties that he might be called on to do at least in part (for example wax was not used on floors, ordering supplies was done by an officer, the food is sent to SHU on carts already prepared), not all of them occurred on a daily basis, nor was he the only worker to do them. While his tasks may have taken longer than some other inmate jobs, they did not take an excessive amount of time.

87. On information and belief the allegations of ¶ 87 are denied as an incomplete description of the Department's polices, except that it is admitted that there is a set wage for the type of inmate job that an inmate held.

88. The allegations of ¶ 88 are legal conclusions or argument that require no response.  To the extent that facts are alleged, it is denied that he performed the same functions as a kitchen worker or that there is any legal duty to pay any wage other than what he received or any wage at all.

89. The allegations of ¶ 89 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

90. In regard to the allegations of ¶ 90 the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

91. In regard to the allegations of ¶ 91 the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

92.  The allegations of ¶ 92 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

93. In regard to the allegations of ¶ 93 the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

94. The allegations of ¶ 94 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

Count I

95. In regard to the allegations of ¶ 95, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 94 above as fully set forth herein.

96. The allegations of ¶ 96 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

97. The allegations of ¶ 97 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

98. The allegations of ¶ 98 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

99. The allegations of ¶ 99 are legal conclusions or argument that require no response.  To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

Count II

100.      In regard to the allegations of ¶ 100, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 99 above as fully set forth herein.

101.    The allegations of ¶ 101 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

102.    The allegations of ¶ 102 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

<u>Count III</u>

103.    In regard to the allegations of ¶ 103, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 102 above as fully set forth herein.

104.    The allegations of ¶ 104 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

105.    The allegations of ¶ 105 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

106.    The allegations of ¶ 106 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

107.    The allegations of ¶ 107 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

Count IV

108.     In regard to the allegations of ¶ 108, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 107 above as fully set forth herein.

109.     The allegations of ¶ 109 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

110.     The allegations of ¶ 110 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

111.     The allegations of ¶ 111 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

Count V

112.     In regard to the allegations of ¶ 112, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 111 above as fully set forth herein.

113.     The allegations of ¶ 113 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

114.     The allegations of ¶ 114 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

115.    The allegations of ¶ 115 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

116.    The allegations of ¶ 116 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

117.    The allegations of ¶ 17 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

118.    The allegations of ¶ 118 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

Count VI

119.    In regard to the allegations of ¶ 119, Defendant repeats and re-alleges each and every answer contained in paragraphs 1 through 118 above as fully set forth herein.

120.    The allegations of ¶ 120 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

121.    The allegations of ¶ 121 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

122.    The allegations of ¶ 122 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

123.    The allegations of ¶ 123 are legal conclusions or argument that require no response. To the extent that facts are alleged, the Defendant is without sufficient personal knowledge to admit or deny the allegations and based thereon, denies the allegations.

124.    The allegations of ¶ 124 are legal conclusions or argument that require no response.

## AFFIRMATIVE DEFENSES

A.  Plaintiff's Complaint fails to state a claim for which relief can be granted.

B.  Defendant denies that they violated any constitutional, federal, state, statutory, or common law right of plaintiff.

C.  Defendant is entitled to and asserts all applicable immunities, including but not limited to sovereign immunity, qualified immunity, official immunity and Eleventh Amendment immunity.

D.  Plaintiff's claim is barred in whole in or part for failure to exhaust administrative remedies.

E.  The Plaintiff's action is limited and/or barred by RSA 541-B, including but not limited to, RSA 541-B:19.

F.  Plaintiffs' claims are barred by the PLRA, 42 U.S.C. §1997e.

G.  The Plaintiff's claim is barred and/or reduced by comparative fault.

H.  The Plaintiff failed to mitigate damages, if any.

I.  The Court lacks subject matter jurisdiction over some or all of Plaintiff's claim.

As discovery has not yet commenced, Defendant reserves the right to assert additional defenses during the course of discovery and/or trial in this matter.

WHEREFORE, the Defendant respectfully request that this Court:

 A.  Deny Plaintiff's request for damages; and

 B.  Grant such other and further relief as justice may require.


       Respectfully submitted,

       RANDY INMAN

       By his attorney,

       MICHAEL A. DELANEY
       ATTORNEY GENERAL


Date: December 15, 2010   /s/ Nancy J. Smith_____
       Nancy J. Smith, Bar No. 9085
       Senior Assistant Attorney General
       Rebecca L. Woodard, Bar No. 17176
       Assistant Attorney General
       New Hampshire Attorney General's Office
       33 Capitol Street
       Concord, New Hampshire 03301-6397
       Telephone:  (603) 271-3650
       Email:  nancy.smith@doj.nh.gov
       Email:  rebecca.woodard@doj.nh.gov

### CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein:  Electronically Served Through ECF upon:  Michael J. Sheehan Esquire.

Date:  December 15, 2010

       /s/  Nancy J. Smith_____
       Nancy J. Smith, Bar No. 9085
       Senior Assistant Attorney General


558261.njs